# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Moises Tolentino Ferrel, et al., | 2:26-cv-00324-MDC |
| Plaintiff(s), | **ORDER** |
| vs. | |
| The Hertz Corporation, et al., | |
| Defendant(s). | |

Plaintiffs filed a *Motion for Leave to Amend the Complaint* ("Motion to Amend"). *ECF No. 20*. Since the Court **GRANTS** the Motion, the Court **DENIES** the pending *Motions to Dismiss* (ECF Nos. 6 and 13) as **MOOT**. The Court also **GRANTS** the plaintiff's *Motion to Extend Time* (ECF No. 21).

## I.    MOTION FOR LEAVE TO AMEND (ECF NO. 20)

### A.  Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

### B.  Analysis

This is a personal injury case. Plaintiffs request leave to amend to correct defendant Guagzhou's name and make minor corrections. *ECF No. 20*. Plaintiffs attached the proposed amended complaint to the Motion to Amend. Defendants file a limited opposition stating they do not oppose amendment to correct the name, but they argue that the amendment should be limited to that

correction. *ECF No. 23*. Plaintiffs argue in the reply that the amendment is limited because the corrections are minor and not substantive. *ECF No. 25*.

The Court grants the Motion to Amend, it is early in the case so there is no bad faith or undue delay. The defendants will not be prejudiced because plaintiff's amendments are not substantive and futility is not an issue here. The Court thus grants the Motion to Amend.

## II.     MOTION TO EXTEND TIME (ECF No. 21)

### A.  Legal Standard

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.] The Federal Rules of Civil Procedure provide for service within the United States and authorize extensions of time for good cause. See, e.g., Fed. R. Civ. P. 4(m).

"District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).  There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990).  Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

### B.  Analysis

Defendant has appeared through counsel and argues that service has been improper.  While defendants also argue that plaintiffs' request for extension is untimely, the Court finds that an

extension is warranted here. Plaintiffs have made sufficient showing of good faith, diligent efforts to locate and serve the non-resident defendant Luxin Su Guagzhou through the Nevada Department of Motor Vehicles and by mailing process to the address listed in the police report. *ECF No. 20 at 2 - 4*. Moreover, the length of any delay is relatively inconsequential (*cf. Efaw* (7-year delay in service militated against extension)) and insufficient to support the heavy relief of dismissing the claims against Guagzhou requested by defendants *(see In re Gilman,* 887 F.3d 956, 964 (9th Cir. 2018)(courts "prefer to resolve cases on the merits,")).

In sum, the Court finds that a brief extension will not cause undue prejudice so that plaintiff can make additional attempts to serve the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiffs have shown good cause to extend the time to complete service.

**IT IS ORDERED:**

1.  Plaintiff's *Motion for Leave to Amend the Complaint* (ECF No. 20) is **GRANTED.**

2.  Plaintiff **MUST** file the amended complaint on the docket within one week of this order.

3.  The defendants' *Motions to Dismiss* (ECF Nos. 6 and 13) are **DENIED AS MOOT.**

4.  Plaintiff's *Motion to Extend Time for Service* (ECF No. 21) is **GRANTED.**

5.  Plaintiff has until **July 31, 2026**, to serve the defendant.

DATED:    June 23, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

3