**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Moises Tolentino Ferrel, et al.,

Plaintiff(s),

vs.

The Hertz Corporation, et al.,

Defendant(s).

2:26-cv-00324-MDC

**ORDER RE: ECFS NOS. 38 AND 39**

Plaintiffs filed a *Motion to Extend Time for Service* on defendant Yanhui Liao ("Motion to Extend Time")(ECF No. 38) and defendant Luxin Sun Guagzhou filed a *Motion to Dismiss* (ECF No. 39). The Court **GRANTS** plaintiff's Motion to Extend Time. The Court **DENIES** the Motion to Dismiss. The Court *sua sponte* **QUASHES** service on defendant Guagzhou and **GRANTS** plaintiffs an extension under Federal Rule of Civil Procedure 4(m) to properly serve defendants Guagzhou and Liao.

## I. BRIEF BACKGROUND

This is a car accident case. *ECF No. 1.* In plaintiffs' motion to extend time, they seek additional time to serve defendant Yanhui Liao, a Chinese citizen. *ECF No. 38*. Defendant Luxin Sun Guagzhou is also a foreign national and the address on the traffic crash report is a hotel. *ECF No. 39*. Defendant Guagzhou argues in the motion to dismiss that he was improperly served. *Id*.

## II. LEGAL STANDARD

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988). "Once the defendant has challenged the exercise of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction." *Butcher's Union Local No. 498 v. SDC Inv., Inc*., 788 F.2d 535, 538 (9th Cir. 1986). Rule 4(e)(1) permits service of an

individual within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1).

NRS 14.070 provides that the operation of a motor vehicle in Nevada constitutes an appointment of the DMV Director as the operator's agent for service. NRS 14.070. The statute also states that the plaintiff should send a copy of the process by registered or certified mail to the defendant at the address supplied by the defendant in the defendant's crash report. NRS 14.070(2). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotation marks omitted) (quoting *Troxell v. Fedders of N. Am., Inc*., 160 F.3d 381, 383 (7th Cir. 1998)).

If the court finds service insufficient, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist*. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) (citation omitted). "[I]f it appears that effective service can be made and there has been no prejudice to the defendant, a court will quash service rather than dismiss the action." *Kiwijet, LLC v. Xiamen Hayonex Int'l Logistics Co. Ltd*., No. 2:21-cv-7512, 2023 WL 8896877, at *2 (C.D. Cal. Oct. 20, 2023) (internal quotation marks and citations omitted); *Robinson v. Circa Resorts LLC*, No. 2:21-cv-01646-ART-BNW, 2022 U.S. Dist. LEXIS 213424, at 5 (D. Nev. Nov. 28, 2022)(Sua sponte quashing service). If service is quashed, the district court also has discretion to determine whether to extend the deadline for service of process per Federal Rule of Civil Procedure 4(m). *See Kiwijet, LLC*, 2023 WL 889687 at 2. (citing *S.J.*, 470 F.3d at 1293).

Rule 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice

against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Courts have broad discretion to extend time for service under Rule 4(m). *Efaw*, 473 F.3d at 1041.

## III. ANALYSIS

Plaintiffs argue that service is proper because they complied with NRS 14.070, which is an authorized avenue for service in this context. Plaintiffs allege that Guagzhou crashed the rental car, that he is a foreign national, and that he could not be located for personal service after reasonable efforts. Plaintiffs also mailed the process to the Nevada address listed for Guagzhou in the traffic crash report per NRS 14.070. Defendant Guagzhou argues however that service is technically defective because the plaintiff did not attach the relevant proof of certified mailing to plaintiffs' affidavit. *See ECF No. 39, citing ECF No. 26*. Plaintiffs have not yet met their burden to establish proper service on Guagzhou given that they concede that the certified-mail return receipt has not yet been returned by the United States Postal Service. Given that the defect is ministerial, the Court exercises its discretion to instead quash service *sua sponte*. The Court also finds that good cause exists for a short extension. Plaintiffs acted diligently: they served the DMV, mailed it to the exact crash-report address required by statute, and promptly filed the Affidavit of Compliance. Any remaining delay is attributable to ordinary postal processing, not to lack of diligence or bad faith. Defendant Guagzhou will not be prejudiced by a brief extension, he has actual notice of the suit, and if plaintiff corrects these perceived defects, eventual service is likely. *Efaw*, 473 F.3d at 1041.

Plaintiffs have made a similar showing that they have had problems serving defendant Liao and may need to serve Liao through the Hague. *ECF No. 38*. Plaintiffs demonstrate that they have been diligent in trying to serve defendant Liao. Plaintiffs are attempting to obtain Liao's address from defendant Hertz but have not yet obtained the rental agreement. Plaintiffs also state that they intend to

attempt service on Liao through the Hague which could take time. Under these circumstances, a brief extension of time is appropriate in the interests of justice and judicial economy.

**IT IS ORDERED that:**

1. Plaintiffs' *Motion to Extend Time for Service* (ECF No. 38) is **GRANTED.**
2. Defendant Luxin Sun Guagzhou's *Motion to Dismiss* (ECF No. 39) is **DENIED**.
3. Service of the summons and complaint on defendant Luxin Sun Guagzhou is **QUASHED.**
4. The Court **EXTENDS** the deadline to serve the operative complaint on defendants Luxin Sun Guagzhou and Yanhui Liao to **November 28, 2026**.

DATED: October 2, 2026.

_______________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of

service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**